FILED

2018 JUN 21 PM 2:20

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BMO HARRIS BANK, N.A.,

    Plaintiff,

vs.

Case No. 6:18-CV-972-ORL-22KRS

REEL TYME MARKETING SERVICE,
INC., and BIG ELK FUNDING, LLC.

    Defendants.

_____/

## COMPLAINT

The plaintiff, **BMO HARRIS BANK, N.A. ("BMO")**, by and through its undersigned counsel, sues the defendants, **REEL TYME MARKETING SERVICE, INC. ("Reel Tyme")** and **BIG ELK FUNDING, LLC ("Big Elk")**, and alleges:

### JURISDICTION, VENUE, AND PARTIES

1. This is an action for damages exceeding $75,000.00, exclusive of costs, interest, and attorney's fees and for the foreclosure of a mortgage on real property located in Seminole County, Florida.

2. BMO is a national banking association with its main office and headquarters located in Cook County, Illinois. BMO is a citizen of and is domiciled in Illinois.

3. Reel Tyme is a Florida corporation with its principal business office in Seminole County, Florida. Reel Tyme is a citizen of and is domiciled in Florida.

1

4. Big Elk is a Delaware limited liability company. The two members of Big Elk are Laurie and William Eckholm. Lauire and William Eckholm are both domiciled in Arizona. Accordingly, for diversity of citizenship purposes, Big Elk is a citizen of Arizona.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because: (a) the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees, and (b) there is complete diversity of citizenship between BMO, Reel Tyme, and Big Elk.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the real property subject to the foreclosure claim is situated in this district.

## COUNT I: PROMISSORY NOTE

7. On or about April 17, 2008, Reel Tyme executed and delivered a promissory note ("Original Note") payable to the order of M&I Marshall & Ilsley Bank ("M&I") in the principal amount of $1,160,000.00. A true and authentic copy of the Original Note is attached as **Exhibit A.**

8. On or about June 11, 2008, M&I loaned an additional $312,000 to Reel Tyme pursuant to a Future Advance Promissory Note, a true and authentic copy of which is attached as **Exhibit B.**

9. On or about June 11, 2008, M&I and Reel Tyme consolidated the indebtedness owing under the Original Note and the Future Advance Promissory Note pursuant to a First Amended & Restated Note (the "Note") executed by Reel Tyme payable to M&I in the principal amount of $1,472,000. A true and authentic copy of the Note is attached as **Exhibit C.**

10. Effective July 5, 2011, M&I was merged into BMO. Pursuant to the merger, BMO was the surviving entity, and M&I dissolved. Pursuant to this merger, BMO obtained all

of the loans owned by M&I including but not limited to the Note. A true authentic copy of the Secretary's Certification of Consummation of Merger Transactions and Change of Title is attached as **Exhibit D,** and a true and authentic copy of the cancelation of M&I's charter from the Wisconsin Department of Financial Institutions is attached as **Exhibit E.**

11. BMO is the owner and holder of the Note.

12. Reel Tyme defaulted under the Note by failing to pay the installment payment that was due on January 17, 2018.

13. As a result of the default, BMO accelerated payment of the remaining outstanding indebtedness owing under the Note and demanded payment from Reel Tyme. A true and authentic copy of the written demand is attached as **Exhibit F.**

14. Despite demand, Reel Tyme failed to pay the outstanding indebtedness owing under the Note.

15. Moreover, the Note matured on April 17, 2018, at which time all outstanding indebtedness was due and payable.

16. Reel Tyme defaulted under the Note by failing to pay the outstanding indebtedness owing under the Note at maturity.

17. As of June 18, 2018, Reel Tyme owes BMO the principal of $1,037,514.52, and contract interest of $18,414.43, plus interest accruing at the contract rate of $156.36. Pursuant to the terms of the Note, BMO reserves the right to charge interest at the default rate of 25%. Additionally, Reel Tyme owes BMO $22,071.28 for the past due taxes pursuant to the Mortgage referred to in Count II.

18. Pursuant to the terms of the Note, BMO is entitled to recover its attorney's fees incurred in this lawsuit.

19. BMO has retained The Rosenthal Law Firm, P.A., to represent it in this action and is obligated to pay a reasonable fee for services rendered on its behalf.

20. All conditions precedent to BMO's right to bring this claim have occurred or have been performed.

**WHEREFORE,** BMO demands a judgment against Reel Tyme for damages, costs, interest, and attorney's fees.

## COUNT II: FORECLOSURE

21. BMO realleges paragraphs 7 through 17.

22. Reel Tyme owns the real property described as Lot 35, Sanford Central Park, according to the plat thereof as recorded in Plat Book 33, pages 64, 65 and 66, Public Records of Seminole County, Florida. (the "Property").

23. To secure payment of the Original Note, on or about April 17, 2008, Reel Tyme executed a Mortgage and Security Agreement against the Property in favor of M&I. The Mortgage and Security Agreement was recorded in the Seminole County public records at OR Book 06975, Page 0623. A true and authentic copy of the Mortgage is attached as **Exhibit G.**

24. The Mortgage and Security Agreement was modified to secure payment of the Note pursuant to a Modification to Mortgage and Security Agreement ("Modification") executed by Reel Tyme to M&I. The Modification was recorded in the Seminole County public records at OR Book 0711, Page 0157. A true and authentic copy of the Modification is attached as **Exhibit H.** The Mortgage and Security Agreement as modified by the Modification is referred to as the "Mortgage."

25. The Mortgage encumbers the Property.

26. BMO is the owner of the Mortgage pursuant to the merger with M&I.

27. As a result of the default of the Note, BMO is entitled to foreclose the Mortgage.

28. Big Elk claims or may claim an interest in the Property as a result of a mortgage recorded at OR Book 8652, Page 1377, Public Records of Seminole County, Florida.

29. Big Elk's mortgage was recorded after the Mortgage and is therefore subordinate in priority to the Mortgage.

30. Pursuant to the terms of the Mortgage, BMO is entitled to recover from Reel Tyme its attorneys' fees incurred in this action.

31. BMO has retained The Rosenthal Law Firm, P.A., to represent it in this action and is obligated to pay a reasonable fee for services rendered on its behalf.

32. All conditions precedent to BMO's right to bring this claim have occurred or have been performed.

**WHEREFORE**, BMO prays for a judgment of foreclosure with the determination that the Mortgage constitutes a first lien on the Property and ordering a sale of the Property, and for an award of costs, attorneys' fees, and any such other and further relief that the Court deems appropriate, including a deficiency judgment and writs of possession

/s/ Jason A. Rosenthal
Jason A. Rosenthal, Trial Counsel
Florida Bar No. 0009482
**The Rosenthal Law Firm, P.A.**
4767 New Broad Street
Orlando, FL 32814
jrosenthal@therosenthallaw.com
service@therosenthallaw.com
Phone 407.488.1220
Fax 407.488.1228
Attorneys for BMO