FILED

2019 MAR -7 PM 3: 10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BMO HARRIS BANK, N.A.,

    **Plaintiff,**

vs.

                                  Case No. 6:18-cv-972-ORL-22-LRH

REEL TYME MARKETING SERVICES,
INC., and BIG ELK FUNDING, LLC,

    **Defendants.**

_____/

## FINAL JUDGMENT AND ORDER OF FORECLOSURE

This action came before the Court on Plaintiff BMO Harris Bank N.A.'s Agreed Motion for Final Judgment Pursuant to Settlement Agreement. Based on the agreement of the parties, **IT IS ORDERED AND AJUDGED** that a judgment is entered in favor of the Plaintiff BMO Harris Bank N.A. and against the Defendants Reel Tyme Marketing Services, Inc., and Big Elk Funding, LLC on Counts I and II of the Amended Complaint.

As to Plaintiff's claim for foreclosure (Count II), the Court enters a **judgment of foreclosure** as follows:

    1.    Plaintiff BMO Harris Bank N.A. ("Lender"), c/o The Rosenthal Law Firm, 4767 New Broad Street, Orlando, Florida, 32814, shall recover the total amount of $1,279,101.59, plus interest accruing at the rate of $710.62 per day from the date of this Judgment.

    2.    Lender is entitled to a judgment in its favor to foreclose its Mortgage as pleaded in Count II against Defendants.

    3.    If the total amount due under this Judgment as set forth in paragraph 1 is not paid before the commencement of the Foreclosure Sale, the United States Marshal (the

"Marshal") or, at Lender's option exercised by Lender filing within forty-five (45) days after entry of this Judgment, a Notice of Selection of Foreclosure Sale Master, a special master selected by Lender (the "Master") as permitted by Federal Rule of Civil Procedure 53, shall sell the real property described as Lot 35, Sanford Central Park, according to the plat thereof as recorded in Plat Book 33, pages 64, 65 and 66, Public Records of Seminole County, Florida. (the "Property") in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a public sale, for cash in hand, to the highest bidder, at the steps of the Seminole County Courthouse, 301 N. Park Avenue, Sanford, FL 32771, during the legal hours of sale, on such date and time as selected by the Marshal or Master, as applicable, after consultation with Lender (the "Foreclosure Sale"). The Marshal or Master, as applicable, shall give public notice of the time and place of such sale, pursuant to 28 U.S.C. § 2002, by publication in a newspaper published in Seminole County, once a week for four (4) consecutive weeks, beginning not less than twenty-eight (28) days from the date of sale. The Marshal or Master, as applicable, shall and is authorized to conduct the foreclosure pursuant to the terms of this Judgment. Pursuant to the agreement of the parties, the Foreclosure Sale shall not be scheduled any earlier than July 22, 2019.

       4.       Lender may be a bidder and purchaser of the Property at the sale. If Lender is the successful purchaser as the highest bidder at the Foreclosure Sale, the Marshal or Master, as applicable, shall credit Lender's bid with the amount due as set forth in Paragraph 1 above, including interest and the costs of publication and fees due to the Marshal or Master, as applicable, incurred by Lender subsequent to entry of this Judgment ("Subsequent Amounts"), or such part as is necessary to pay the bid in full. If Lender is not the purchaser at the sale, Lender shall be reimbursed from the proceeds of the sale, so far as they are sufficient, by the Marshal or

Master, as applicable, for the Subsequent Amounts.

5. The successful bidder for the Property shall be required to pay the cost of the documentary stamps and any recording fees in accordance with any state, county, or local laws. If a successful bidder other than Lender fails to pay the entire bid amount by the deadline established by the Marshal or Master, as applicable, Lender shall, upon a motion be entitled to have the sale of the Property set aside and rescheduled pursuant to the terms of this Judgment.

6. Promptly upon the sale of the Property, the Marshal or Master, as applicable, shall make a report of the sale to this Court. Thereafter, upon motion for confirmation the Court will issue an order confirming the sale, if appropriate. Upon such confirmation by the Court and receipt of the full purchase price of the sale, the Marshal or Master, as applicable, is authorized to and shall execute and deliver a Marshal's Deed or Master's Deed to the successor bidder conveying the Property. Thereafter, the purchaser at the sale and its heirs, representatives, successors, or assigns, shall without delay be let into the possession of the Property. The Marshal shall execute any writ of assistance issued by this Court at the written request of successful bidder.

7. Upon the Marshal or Master, as applicable, certifying the sale to the Court, Reel Tyme Marketing Services, Inc., Big Elk Funding, LLC, and all entities or persons claiming under or against them, and all entities or personal claiming any interest in the Property subsequent to the recording of the Notice of Lis Pendens shall be foreclosed of all interest, estate or claim in the Property and shall forever be barred and foreclosed of any and all equity or right of redemption in and to any of the Property.

8. Upon confirmation of the sale and delivery of the Marshal's Deed or Master's Deed, as applicable, to the successful bidder, the Marshal or Master, as applicable, shall

distribute the proceeds of the sale of the Property, if they exist and so far as they are sufficient, as follows:

    a. To the Marshal or Master, as applicable, for its costs and expenses incurred in connection with this cause and the sale ordered above as authorized by this Judgment and applicable law, unless Lender has paid the same in which case Lender shall be entitled to receive those amounts as Subsequent Amounts as provided below in Paragraph 8.b.

    b. To Lender, if not the purchaser of the Property at the sale, all amounts adjudged herein to be due and owing, including the Subsequent Amounts of these proceedings.

    c. The balance, if any, to be deposited in the registry of this Court, and in that event, the Clerk is directed within ten (10) days of the date of said deposit to give notice to Reel Tyme Marketing Services, Inc., and Big Elk Funding, LLC in order that each might by appropriate pleadings make claim to any such surplus.

    **DONE AND ORDERED** in Chambers in Orlando, Florida on March 7, 2019.

ANNE C. CONWAY
United States District Judge